UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| STEPHEN M. LEHMAN, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | CAUSE NO. 3:15-CV-352 JM |
| | ) | |
| vs. | ) | |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION and ORDER

Stephen M. Lehman, a *pro se* prisoner, filed a habeas petition under 28 U.S.C. § 2254 challenging a prison disciplinary proceeding (ISP 15-04-0169) that was held at the Indiana State Prison on May 1, 2015. (DE # 1.) The Disciplinary Hearing Body (DHB) found him guilty of possessing a controlled substance - a synthetic drug lookalike - in violation of A-100 and sanctioned him with the loss of 90 days earned credit time. (DE # 1-1 at 4.) On appeal, the offense was modified to a violation of B-202, use or possession of a controlled substance, but the sanctions were not altered. (*Id*. at 5.)

When prisoners lose earned time credits in a prison disciplinary hearing, they are entitled to certain protections under the Due Process Clause: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v.*

*McDonnell*, 418 U.S. 539, 563 (1974). To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). Lehman raises two grounds for relief in his petition.

First, Lehman argues that there was insufficient evidence to find him guilty of possessing a controlled substance because the substance confiscated from him field tested "negative." However, contrary to his belief, possessing a synthetic lookalike drug is unlawful as well. "A person who possesses a synthetic drug or synthetic drug lookalike substance commits possession of a synthetic drug or synthetic drug lookalike substance, a Class B infraction." Ind. Code § 35-48-4-11.5(b). "[T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks and citations omitted). Here, since Lehman does not dispute that he possessed the green, leafy substance which looked like an illegal drug, there was sufficient evidence to have found him guilty. Therefore, this ground is not a basis for habeas corpus relief.

Next, he complains that the hearing officer imposed non-contact visits as a sanction, which is contrary to Indiana Department of Corrections policy. However, relief in a federal habeas corpus proceeding is only available for a violation of the United States Constitution or other federal law. *Estelle v. McGuire*, 502 U.S. 62, 67-68

(1991). Lehman's claim premised on an alleged violation of a prison policy does not provide a basis for granting federal habeas relief.

Not only is there sufficient evidence to find Lehman guilty of the charged offense, but there has been no showing that he was deprived of any due process along the way. For these reasons, the petition (DE # 1) is **DENIED** pursuant to Section 2254 Habeas Corpus Rule 4.

**SO ORDERED.**

Date: October 8, 2015

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT